THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KINDRA B. CELANI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IHC HEALTH SERVICES, INC., a Utah corporation, d/b/a Intermountain Healthcare<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PARTIAL MOTION TO DISMISS**<br><br>Case No. 4:22-cv-00066-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Kindra Celani ("Celani") brought suit[1] against her employer, Defendant IHC health Service, Inc., d/b/a Intermountain Healthcare ("IHC"), alleging violations of the Americans with Disabilities Act[2] ("ADA") and the Rehabilitation Act of 1973[3] ("Rehabilitation Act"). Specifically, Celani alleges that IHC discriminated against her for her disability in violation of the ADA and the Rehabilitation Act, failed to accommodate her disability in violation of the ADA, and retaliated against her based on her disability in violation of the ADA and Rehabilitation Act.[4]

IHC filed Defendant's Motion for Partial Dismissal[5] under Rule 12 asserting that some of Celani's claims are barred by applicable statutes of limitations.[6] As explained below, some of

---

[1] Complaint, docket no. 2, filed September 9, 2022.

[2] 42 U.S.C. §§ 12101-12213.

[3] 29 U.S.C. §§ 701-796.

[4] Complaint, docket no. 2, filed September 9, 2022.

[5] Defendant's Motion for Partial Dismissal ("Motion to Dismiss"), docket no. 14, filed December 12, 2022.

[6] Fed. R. Civ. P. 12 (b)(6).

Celani's claims are untimely under the relevant statutes of limitations. Accordingly, IHC's Motion to Dismiss[7] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In June 2012, Celani was hired as a nurse by IHC.[8] In July 2017, Celani transferred from the Emergency Department and joined the Southwest Cardiology Department at Dixie Regional Hospital as a nurse practitioner.[9] Celani alleges she has been diagnosed with Post-Traumatic Stress Disorder, severe anxiety, depression, and Attention Deficit Disorder.[10] Celani alleges that a number of interactions with colleagues, supervisors, and administrators at IHC during the course of her employment starting in August 2017 were unlawful and in violation of the ADA and Rehabilitation Act. On September 23, 2021, Celani filed a charge of discrimination with the Utah Labor Commission's Antidiscrimination and Labor Division ("UALD") and the EEOC. Celani obtained a notice of right to sue from the EEOC on June 16, 2022, and filed suit against IHC on September 9, 2022.[11]

Celani's Complaint exhaustively recited a variety of interactions she claims were wrongful starting August 18, 2017 including hostility from her supervisor, harassment, credential restrictions, public reprimands, wrongful written warnings, bullying, censorship of positive feedback in reviews, reduced pay increases, circumvention of earned employment recognition, reputational attack, abusive treatment during meetings, violation of her privacy, retaliatory complaints, practice limitations, disparate escalation of employee-action reviews, coercion,

---

[7] Motion to Dismiss, docket no. 14, filed December 12, 2022.

[8] Complaint at ¶ 10, docket no. 2, filed September 9, 2022.

[9] *Id.* at ¶ 19.

[10] *Id.* at ¶ 12.

[11] Complaint, docket no. 2, filed September 9, 2022.

suspension of hospital privileges, profile removal from an IHC website, insurance panel termination, conflicts of interest in internal IHC administrative review procedures, lost pay from retaliatory acts, reduction of her clinical role, and forced meetings with supervisors.[12] She does not relate the interactions to her claims of discrimination and retaliation. This makes the complaint difficult to interpret and analyze. A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[13] While it is true that a complaint must also state facts supporting the claim and not merely recite conclusory allegations, it is not sufficient to reproduce a diary of workplace relationships unrelated to a specific cause of action.

Celani's claims alleging IHC failed to reasonably accommodate her disability are more concrete:

- In June 2018, Celani informally requested a standing desk and reduced interruptions from other medical staff as an ADA accommodation.[14] Celani alleges this accommodation was rejected because IHC did not timely respond to her request, but Celani admits she was given a standing desk around February 2019.[15]

- In December 2018, Celani submitted a formal ADA request for accommodation seeking a change in her immediate supervisor.[16] Celani claims her request was denied, but acknowledges her supervisor was transferred to become a manager of a different IHC clinic.[17]

- In October 2019, Celani informally requested a reduced patient load, credit for hours worked at home, and permission to leave early one day per week to attend

---

[12] Complaint, docket no. 2, filed September 9, 2022.

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Id.* at ¶¶ 55-56.

[15] *Id.* at ¶¶ 84-85.

[16] *Id.* at ¶ 73.

[17] *Id.* at ¶¶ 86-87.

- therapy as an ADA accommodation.[18] IHC told Celani to make her own accommodations, such as scheduling therapy appointments on her day off.[19]

- Around May 5, 2021, Celani made another ADA accommodation request, seeking a temporary remote work arrangement to perform non-patient work, the ability to use a scribe or dictation technology for notes and administrative tasks, the distribution of written agendas and talking points prior to meetings with supervisors and staff, permission to bring a non-IHC support person during important meetings, and noise-cancelling headphones or sound muting devices.[20] In September 2021, Celani received headphones that did not have a noise-cancelling feature.[21]

IHC's Motion to Dismiss argues that the ADA statute of limitations is 300 days and that the Rehabilitation Act's statute of limitations should be 180 days.[22] IHC seeks dismissal of Celani's claims that stem from allegations that occurred either more than 180 days or 300 days before she filed her charge of discrimination or complaint, depending on whether the allegation is made to support a claim under the ADA or under the Rehabilitation Act.

## LEGAL STANDARDS

### Standard of Review

Dismissal is appropriate under Rule 12(b)(6) when the facts alleged in a complaint, standing alone, are insufficient to entitle a plaintiff to relief.[23] To survive a motion to dismiss, the complaint must contain enough allegations of fact, taken as true, to state a claim for relief and be plausible on its face.[24] In reviewing the complaint, factual allegations are accepted as true, and all reasonable inferences are drawn in a light most favorable to the non-moving party.[25]

---

[18] *Id.* at ¶¶ 93-94.

[19] *Id.* at ¶ 95.

[20] *Id.* at ¶¶ 162-64.

[21] *Id.* at ¶ 181.

[22] Motion to Dismiss at 4-5, docket no. 14, filed December 12, 2022.

[23] *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[26]

### ADA Statute of Limitations

The ADA requires a claimant to file a discrimination charge with the EEOC within 300-calendar days from the date the discrimination occurred.[27] If a claim is not filed within this time limit, the claim is time-barred.[28]

Here, Celani's ADA claims are founded on allegations that occurred from August 2017 to September 2021. Celani filed the charge of discrimination with the EEOC on September 23, 2021.[29] Consequently, the ADA's statute of limitations bars Celani's ADA claims based on allegations arising prior to November 27, 2020 (300 days prior to September 23, 2021).

### Rehabilitation Act Statute of Limitations

The Rehabilitation Act does not include a statute of limitations.[30] When a federal statutory cause of action lacks a statute of limitations, federal courts often adopt statutes of limitation from analogous state law.[31] The Tenth Circuit used a state personal injury statute of limitations to determine whether a Rehabilitation Act claim was timely because Rehabilitation Act claims "are best characterized as claims for personal injuries."[32] Following the Tenth

---

[26] *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.1980)).

[27] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

[28] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003).

[29] Complaint at ¶ 7, docket no. 2, filed September 9, 2022.

[30] Rehabilitation Act, 29 U.S.C.A. § 504; *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

[31] *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 146 (1987).

[32] *Baker*, 991 F.2d at 632.

Circuit's direction in *Baker*, courts in this district have adopted a four-year statute of limitations for Rehabilitation Act claims consistent with the Utah statute of limitations for personal injury claims.[33]

IHC argues that the 180-day statute of limitations found in the Utah Anti-Discrimination Act ("UADA") is more analogous to the Rehabilitation Act and should be used.[34] But "[t]his court is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court."[35] IHC cites to no controlling authority that overrules *Baker*. "A district court must follow the precedent of this circuit, regardless of [the district court's] views . . . ."[36]

Celani filed this suit September 9, 2022. Because a four-year statute of limitations period applies to her Rehabilitation Claims, Celani's Rehabilitation Act claims supported by allegations that occurred prior to September 9, 2018 are time-barred.

## The Continuing Violation Doctrine

Celani argues that she may bring claims supported by allegations occurring before the statute of limitation's time-bars based on the continuing violation doctrine.[37] The continuing violation doctrine is an exception to a statute of limitations bar. A claimant may recover for discriminatory acts under the doctrine if the acts "are part of a continuing policy or practice that includes" acts that are timely under the appropriate statutory period.[38] A plaintiff can establish a

---

[33] *See, e.g.*, *Larson v. Snow College*, 189 F.Supp.2d 1286 (D. Utah. 2000); *Paystrup v. Benson*, No. 2:13-cv-00016-DB, 2015 WL 506682, at *7 (D. Utah Feb. 6, 2015).

[34] Motion to Dismiss at 5-8, docket no. 14, filed December 12, 2022.

[35] *United States v. Carrero*, 635 F. Supp. 3d 1210, 1215 (D. Utah 2022).

[36] *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990).

[37] Opposition at 5-6, docket no. 15, filed January 4, 2023.

[38] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003) (internal quotation marks and citation omitted).

continuing violation by showing "a series of related acts was taken against him, with one or more of those acts occurring within the limitations period" or where "the defendant maintained a company-wide policy of discrimination both before and during the limitations period."[39]

However, there are significant limits to the use of the continuing violation doctrine to escape time-bars. "[A] continuing violation theory of discrimination is not permitted for claims against discrete acts of discrimination, such as termination, failure to promote, denial of transfer, or a refusal to hire."[40] If a discriminatory act is discrete, it is not actionable if time-barred, "even when they are related to acts alleged in timely filed charges. . . . Instead, each discrete discriminatory act starts a new clock for filing charges alleging that act."[41]

The denial of a "request for an accommodation constitutes a discrete act of alleged discrimination . . . ."[42] Likewise, ordinarily "disciplinary actions are clearly discrete and independent actions . . . ."[43] "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice."[44]

The Tenth Circuit has explained a three-part test to assist in evaluating whether a particular act is discrete or may be included under a continuing violation theory:

> In analyzing whether alleged discriminatory acts are sufficiently related to constitute a continuing violation or whether such acts are discrete acts which must be regarded as individual violations, we have used a three-part inquiry to determine whether there was a continuing violation: (i) subject matter—whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence—whether the nature of the violations should trigger an employee's awareness of the need to assert her rights and

---

[39] *Id.* at 1183-84 (citation omitted).

[40] *Id.* at 1183.

[41] *Id.* at 1184.

[42] *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1210 (10th Cir. 2007).

[43] *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).

[44] *Id.* (internal quotation marks and citation omitted).

> whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.[45]

## ANALYSIS

Celani brings claims under both the ADA and the Rehabilitation Act. As explained above, Celani's Rehabilitation Act claims are subject to a 4-year statute of limitations and her ADA claims are subject to a 300-day statute of limitations. Additionally, Celani argues that all of the alleged acts constitute one continuous violation that escapes the statute-of-limitations bars. However, Celani provides no analysis or legal citation supporting use of seemingly benign or incidental allegations as one continuing violation. And this lack of analysis is especially problematic because many of the allegations are clearly discrete acts that each start an independent statute-of-limitations clock. Accordingly, Celani's claims are barred as explained below.

### Celani's Rehabilitation Act Claims Are Untimely in Part

The statute of limitations for the Rehabilitation Act is 4 years. Celani filed suit September 9, 2022. Celani's Rehabilitation Act claims based on allegations occurring prior to September 9, 2018, are presumptively untimely. Conversely, Celani's Rehabilitation Act claims based on actions occurring on or after September 9, 2018, have not been demonstrated to be untimely and are not dismissed. Celani, in her Opposition, makes no attempt to explain how particular alleged incidents are part of a continuing violation instead of discrete acts of discrimination or retaliation. Celani also argues that the acts are a "pattern and practice of failing to provide reasonable accommodations."[46] But as explained above, a denial of a request for accommodation is a discrete act that cannot be part of a theory of continuing violation. Accordingly, Celani's

---

[45] *Davidson*, 337 F.3d at 1184.

[46] Opposition at 6, docket no. 15, filed January 4, 2023.

Rehabilitation Act claims are dismissed to the extent the claims rely on allegations occurring prior to September 9, 2018.

Many of the alleged acts occurring prior to September 9, 2018, are clearly discrete acts which could not be part of a continuing violation theory. This also requires Celani's Rehabilitation Act claims be dismissed to the extent they relied on these discrete acts of discrimination or retaliation occurring prior to September 9, 2018. Celani may not rely on allegations occurring prior to September 9, 2018, to support her Rehabilitation Act claims.

### Celani's ADA Claims Are Untimely in Part

The statute of limitations under the ADA is 300 days. Celani filed her charge of discrimination with the EEOC on September 23, 2021.[47] Consequently, Celani's ADA claims based on allegations that occurred prior to November 27, 2020 (300 days prior to September 23, 2021) are barred. And as above, Celani provided no substantive analysis or legal authority explaining why specific allegations occurring prior to September 23, 2021 were part of a continuing violation. Additionally, Celani's allegations of refusals to accommodate, the suspension of privileges, suspension from work, written warnings, fabricated complaints, biased performance reviews and reduced pay increases, modification of her clinic role, corrective-action meetings, and coercion to sign practice plans, among many other alleged acts, are discrete acts that could not have been included in a theory of continuing violation even had Celani substantively addressed the issue. Accordingly, Celani's ADA claims are dismissed to the extent they rely on allegations occurring prior to November 27, 2020. Celani may not rely on acts that occurred prior to November 27, 2020, to support her ADA claims.

---

[47] Complaint at ¶ 7, docket no. 2, filed September 9, 2022.

### Evidentiary Issues

Additionally, Celani argues that she should be allowed to use the untimely allegations as background information supporting her timely claims.[48] This Order does not address whether these untimely allegations may be used for background information supporting Celani's timely claims. That is an evidentiary issue to be resolved on briefing in that context.

### ORDER

IT IS HEREBY ORDERED that IHC's Motion for Partial Dismissal[49] is GRANTED IN PART and DENIED IN PART. Celani's claims under the Rehabilitation Act are DISMISSED to the extent they rely on allegations of acts that occurred prior to September 9, 2018. Celani may not use these untimely allegations to support her claims under the Rehabilitation Act. This dismissal is with prejudice.

IT IS FURTHER ORDERED that Celani's claims under the ADA are DISMISSED to the extent they rely on allegations of acts that occurred prior to November 27, 2020. Celani may not use these untimely allegations to support her claims under the ADA. This dismissal is with prejudice.

IT IS FURTHER ORDERED that Celani must file an amended complaint within 28 days remedying the defects pointed out in this Order. If such a complaint is not filed, this action will be dismissed.

Signed October 2, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[48] Opposition at 3-4, docket no. 15, filed January 4, 2023.

[49] Motion to Dismiss, docket no. 14, filed December 12, 2022.